AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                    **ORDER OF DETENTION PENDING TRIAL**

ANTWON DESHON MCPHERSON           Case Number: 05-20087-01-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 10, 2006                       s/ David J. Waxse
                                          *Signature of Judicial Officer*

                                          DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

\*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Antwon Deshon McPherson
Criminal Action 06-20087-01-JWL-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether release is appropriate.

The first factor is the nature and circumstances of the offense charged, including whether it is an offense for which the maximum term is ten years or more. Clearly it is, so that is a negative factor.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment so there is at least probable cause, and from the proffer it sounds like more than probable cause.

The next factor is the history and characteristics of the person, including your physical and mental condition. There is nothing that would indicate a risk of flight, so that is considered positive.

Family ties are somewhat positive.

Employment is a total negative. It doesn't appear you have worked in the last three years, and it doesn't appear there is any clear employment readily available right now.

The next factor is your financial resources. It does not appear that you have substantial financial resources that would enable you to flee, so that is a positive factor.

Length of residence in the community is kind of interesting. You have lived somewhere in Kansas but it seems like lots of different addresses, so I'm not sure how we define the community where you have been for any long period of time.

The next factor is your past conduct, which is history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. You certainly don't have the worst record I've seen, but there obviously are felonies in your past and a large number of contacts with law enforcement, which is not good.

The next factor is whether at the time of the current offense you were on arrest, probation, parole,

3

or other release. Even though it has not been directly stated, it sounds like you were working as a confidential informant at some time during this process. My understanding is that when you are doing that, there is an understanding that you are not going to be otherwise violate the law. It is not real clear when this time period was and when these violations were, but it is not a good scenario when you go from being a C.I. to being a defendant.

The last factor is the nature and seriousness of the danger to the person or the community that would be posed by your release. I think there have been strong arguments made by your attorney why you are probably not going to have success in the drug business anymore. The biggest problem in this case to me is the flight risk that the government has mentioned, because the penalties you face are substantial.

It appears to me that there are not sufficient conditions to assure that you will appear, so I am going to order you detained.